UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
BERNABE ENCARNACION,

                                Petitioner,

                        -v.-                                         9:01-CV-586
                                                                         (GLS)(GHL)

MICHAEL MCGINNIS, Superintendent, Southport
Correctional Facility,

                                Respondent.
--------------------------------------------------------------------------

**APPEARANCES:**                                  **OF COUNSEL:**

BERNABE ENCARNACION
Petitioner, *pro se*
91-B-0943

HON. ANDREW M. CUOMO              MARIA MORAN, ESQ.
Office of the Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

## **ORDER**

     Presently before the Court is a Motion for Reconsideration of this Court's Order denying Petitioner's third Motion to Amend the Petition in this action. In this Motion, Petitioner also seeks appointment of counsel. Dkt. No. 43.

**I.    Background.**

     By way of background, this action was filed on April 20, 2001 and was ordered served on May 8, 2001. Dkt. No. 2. Respondent filed an Answer on August 2, 2001. Dkt. No. 8. Petitioner filed Motions for Appointment of Counsel on June 6, 2001 and September 12, 2001. Dkt. Nos. 5 and 11. Both Motions were denied. Dkt. Nos. 7 and 12.

On June 1, 2004 Petitioner filed a Motion seeking to stay this action. Dkt. No. 20. That Motion was granted on September 15, 2004. Dkt. No. 22. The Stay was lifted on December 15, 2004. Dkt. No. 27. Thereafter, Petitioner filed three Motions to Amend the Petition. Dkt. Nos. 29, 33, and 38. All of the Motions to Amend were denied. Dkt. Nos. 32, 37 and 42. With respect to the third Motion to Amend, the Court observed in its November 28, 2006 Order that:

> Petitioner has been advised, on six prior occasions, of the need to comply with Local Rule 7.1 when filing a Motion to Amend his Petition. *See* Dkt. Nos. 14, 15, 19, 27, 32 and 37. Five of those notices specifically advised Petitioner of the need to attach a proposed Amended Petition to his Motion to Amend. The March 2006 Order of this Court (Dkt. No. 37) also emphasized the distinction between a Memorandum of Law and an Amended Petition and noted that any Motion to Amend must have a proper factual pleading annexed to it. A Memorandum of Law, standing alone, is an insufficient basis upon which to add new claims to this action.[2]
>
> However, a review of this Motion once again reveals that the document identified as Petitioner's Amended Petition is **not** an Amended Petition, but a Memorandum of Law. It is **not** a pleading that Respondent can file a factual response to. Rather, Petitioner is attempting to reargue the legal merits of his claims. Because Petitioner failed to include a proper proposed Amended Petition along with his second Motion to Amend, such request is denied.

Dkt. No. 42, pages 2-3. Plaintiff now seeks reconsideration of the November 28, 2006 Order.

## II.   Motion for Reconsideration.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City*

---

[2] In fact, all legal arguments should be set forth in a separate Memorandum of Law, not included in a Petition or an amended Petition. (Footnote in original Order.)

*Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

In support of his Motion, Petitioner alleges that he does not read, speak, or understand English well, that he is confined to the Special Housing Unit ("SHU") resulting in limited access to the law library, and that he does not have funds to hire his own attorney. Dkt. No. 43. Petitioner also alleges that he has complied with the Local Rules and provided the Court with a proposed amended Petition. Petitioner fails to address, or even acknowledge, the actual deficiencies in the "pleading" that were clearly spelled out in the November Order. Respondent opposes this Motion and argues that Petitioner has failed to state sufficient grounds to support any of the requests contained in this Motion. Dkt. No. 44.

As a preliminary matter, this Court is aware that Petitioner has repeatedly attempted to convince courts that he is not proficient in the English language, and that this Court is cognizant of the frivolity of such a claim. *See*, *Encarnacion v. Goord*, 34 A.D.3d 1175 (3d Dept. 2006) (finding that Encarnacion has repeatedly been determined to be proficient in English, and upholding imposition of sanctions on Encarnacion for again raising such a "wholly frivolous" claim).

With respect to the Motion for Reconsideration, this Court finds that Petitioner has failed to establish any of the above-cited factors relative to his Motion, and his Motion for Reconsideration is denied.

### III. Motion for Counsel.

Petitioner also seeks appointment of *pro bono* counsel to represent him in this action. This is Petitioner's third such Motion in this case. *See* Dkt Nos. 5 and 11. In the October 23, 2001 Order denying the second Motion for Appointment of counsel the Court instructed

3

Petitioner that he may renew such a request "in the event that the Court finds that an evidentiary hearing is necessary in this matter ..." Dkt. No. 12.  While the Court understands Petitioner's desire to have counsel appointed to represent him in this litigation, this Court advises petitioner that the law in this Circuit clearly provides that:

> Available volunteer lawyer time should not be allocated ... on the basis of the aggressiveness and tenacity of the claimant .... The ancient adage about "the squeaky wheel" may well be an accurate statement of the law of nature; it should not be adopted also as a law of prescription.

*Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

**Petitioner is advised that the Court will neither consider nor review any future Motions for Appointment of Counsel submitted by the Petitioner until such time as the Court has determined that an evidentiary hearing is necessary in this matter.**  Therefore, the Clerk of the Court is directed to return any future Motions for Appointment of Counsel submitted by Petitioner prior to such time.

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's Motion for Reconsideration (Dkt. No. 43) is **DENIED**, and it is further

**ORDERED**, that Petitioner's third Motion for Appointment of Counsel (Dkt No. 43) is **DENIED**, and it is further

**ORDERED**, that the Clerk **REJECT** any future Motions for Appointment of Counsel submitted by Petitioner unless and until the Court has scheduled an evidentiary hearing for this action, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with

4

the Local Rules.

Dated: February 12, 2007
      Syracuse, New York

George H. Lowe
United States Magistrate Judge