**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**BERNABE ENCARNACION,**

               **Petitioner,**         **No. 01-cv-0586**
                                                         **(GLS-VEB)**

       **v.**

**MICHAEL McGINNIS,** *Superintendent*
*of Southport Correctional Facility,*

               **Respondent.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PETITIONER:**
BERNABE ENCARNACION
*Pro Se*
91-B-0943
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

**FOR THE RESPONDENT:**
HON. ANDREW M. CUOMO        ASHLYN H. DANNELLY, ESQ.
New York Attorney General         MARIA MORAN, ESQ.
120 Broadway
New York, New York 10271

**Gary L. Sharpe**
**U.S. District Judge**

**DECISION AND ORDER**

On April 20, 2001, Bernabe Encarnacion, proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New York State conviction and sentence for murder in the second degree and promoting prison contraband in the first degree. (Dkt. No. 1.)  On October 26, 2007, Magistrate Judge Victor Bianchini issued a Report and Recommendation ("R&R") recommending that the petition be denied.  (Dkt. No. 58.)[1]  Pending are Encarnacion's written objections ("Objections") to the R&R.  (Dkt. No. 61.)  Encarnacion's Objections are lengthy, detailed, and specific.  Accordingly, the court has reviewed the R&R *de novo.  See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006) ("The district court must review *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved by compliance with the specificity requirement.").  Upon careful consideration of Encarnacion's arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

Because the court agrees with Judge Bianchini's thorough treatment of Encarnacion's petition, and because, upon careful review, the Objections do not call into question the merits of the R&R, it is unnecessary for the court to embark upon a detailed discussion of Encarnacion's claims. *See Shah v. Helen Hayes Hosp.,* 252 Fed. Appx. 364, 366 (2d Cir. Oct. 29, 2007) ("Where a district court has stated that it has considered a party's objections to a magistrate judge's R&R, we have rejected the argument that the mere brevity of the district court's order granting summary judgment based upon that report and recommendation demonstrates the absence of a *de novo* review.") (summary order). It suffices to say that the court adopts Judge Bianchini's reasoning as its own. Accordingly, Encarnacion's petition is denied, as is his motion to amend/correct his petition. Furthermore, because the court finds that Encarnacion has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), the court declines to issue a certificate of appealability.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Encarnacion's application for habeas corpus relief is DENIED and his petition is DISMISSED; and it is further

3

**ORDERED** that Encarnacion's motion to amend/correct his petition is DENIED; and it is further

**ORDERED** that Magistrate Judge Bianchini's October 26, 2007 Report and Recommendation is adopted in its entirety; and it is further

**ORDERED** that because Encarnacion has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
Dated: March 24, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge